UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20474-CR-BB

UNITED STATES OF AMERICA

v.

MAYRA DE LA PAZ,

        Defendant.

_____/

## FACTUAL PROFFER

The Government and Defendant MAYRA DE LA PAZ agree that had this case gone to trial, the Government would have proved the following facts beyond a reasonable doubt, and that these facts are true and correct and establish Defendant's guilt of the offense to which she has been charged, namely, conspiracy to receive health care kickbacks.

Beginning at least in or around February 2016, and continuing through in or around February 2021, Defendant MAYRA DE LA PAZ conspired to solicit and receive health care kickbacks, that is, she conspired with others, including Cooperating Witness #1 (CW1), to knowingly and willfully solicit and receive remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, in return for referring an individual to a person for the furnishing of any item and service for which payment may be made in whole and in part under a Federal health care program, that is, Medicare.

More specifically, on or about the dates mentioned above, MAYRA DE LA PAZ referred Medicare beneficiaries to CW1 in exchange for approximately $1,500 per patient home health cycle.  CW1 was an owner and operator of Crystal Heart Home Health Care, Inc. ("Crystal Heart") located at 26845 South Dixie Highway, Homestead, Florida.

On February 10, 2021, MAYRA DE LA PAZ received $3,000 in cash as a kickback

payment directly from CW1 at Crystal Heart's office for previously recruited Medicare beneficiaries A.V. and J.M.   A.V. and J.M. were billed for home health services by Crystal Heart. During their meeting, MAYRA DE LA PAZ reviewed a handwritten list of the patients that she had recruited.   CW1 had used the referred Medicare beneficiaries to bill Medicare for home health services, including physical and occupational therapy, resulting in an actual loss to Medicare of approximately $775,486.

MAYRA DE LA PAZ was responsible for approximately 60 recruited patients for a total of 170 home health cycles at Crystal Heart.   $1500 per cycle multiplied by 170 home health cycles equals approximately $255,000 in kickbacks.

The parties agree that the improper benefit conferred to the home health agencies based on the kickbacks solicited and received by MAYRA DE LA PAZ is approximately $255,000.

[This space is intentionally left blank.]

The foregoing facts do not describe all the details of the scheme, or Defendant's complete knowledge of the scheme, but are offered for the limited purpose of establishing a sufficient factual basis to support Defendant's plea of guilty to the conspiracy to receive healthcare kickbacks.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: _12/7/21_          By: _____
                              TIMOTHY J. ABRAHAM
                              ASSISTANT UNITED STATES ATTORNEY

Date: _12.8.21_          By: _____
                              JOSE IGLESIA
                              ATTORNEY FOR THE DEFENDANT

Date: _12/8/21_          By: _____
                              MAYRA DE LA PAZ
                              DEFENDANT